

**U.S. Department of Justice**
*Karin J. Immergut*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*    *(503) 727-1000*
*Portland, OR 97204-2902*    *Fax: (503) 727-1117*



March 15, 2006

Gerald M. Needham
Assistant Federal Public Defender
101 Southwest Main Street
Suite 1700
Portland, OR 97204

     Re:    *Robert Matthew Jones*         ⟩6 - Cr · 113

Dear Mr. Needham:

      This letter sets forth the United States' plea offer to your client (hereinafter "the defendant") in the above-referenced case.

     _____1.      <u>Offense of Conviction.</u>

      Defendant must agree to waive grand jury and enter a plea to ain information alleging a single count charging that between, on or about August 1, 2004 , and January 15, 2005, in the District of Oregon, **ROBERT MATTHEW JONES**, defendant herein, did knowingly use or attempt to use a means of interstate commerce, the Internet, to persuade, induce or entice an individual who has not attained the age of 18 years and is identified by the initials AR, to engage in sexual activity for which said defendant can be charged with a criminal offense, all in violation of Title 18, United States Code, Sections 2422(b);

      A violation of Title 18 U.S.C. § 2422(b) is punishable by a term of imprisonment of not less than five years and not more than 30 years, a fine not to exceed $250,000, a term of supervised release of not less than three years and not more than five and a $100 mandatory assessment.

     _____2.      <u>No Additional Charges.</u> The government agrees not to file any additional charges arising from this conduct, specifically, that the defendant knowingly received or distributed any material that contains child pornography that has been mailed or shipped in interstate commerce by any means, including by computer. The parties agree that such a charge could be prosecuted in the Eastern District of Washington.

     _____3.      <u>Advisory Guidelines and Base Offense Level.</u>

      To the extent that any guidelines calculations are applicable, the parties agree that pursuant to <u>United States v. Booker/Fanfan</u>, 543 U.S.\_\_\_, 2005 WL 50108 (January 12, 2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the other statutory factors listed

in 18 U.S.C. §3553(a).

The parties further agree that, pursuant to the November 1, 2004, edition of the U.S.S.G., the base offense level under U.S.S.G. §2A3.2(a) is 18.

4.    Specific Offense Characteristics.  The parties agree that the court may find to a preponderance of the evidence and find conclusively proven the following specific offense characteristics:

A.    The offense level should be increased four levels because the minor was in the custody, care, or supervisory control of the defendant, pursuant to U.S.S.G.§ 2A3.2(b)(1); and

B.    Because a computer or an interactive service was used to persuade, induce, or entice the minor to engage in prohibited sexual conduct, the offense level should be increased two levels, pursuant to U.S.S.G.§ 2A3.2(b)(2).

5.    Acceptance of Responsibility.  To the extent that guideline calculations require, the parties agree to recommend that defendant's offense level be reduced by three levels because defendant has timely accepted responsibility within the meaning of U.S.S.G. §3E1.1. The government reserves the right to argue that defendant has not accepted responsibility if defendant's conduct subsequent to the execution of this plea agreement is inconsistent with acceptance of responsibility.

6.    Statutory Sentence.  The parties agree that the guidelines calculations yield a range which is below the mandatory minimum of sixty months as set forth in Title 18 U.S.C. § 2422(b). The parties agree that the statutory mandatory minimum is the controlling sentence which should be imposed.

7.    Additional Departures.  The parties agree not to seek any further adjustments, enhancements or departures and further agree not to present evidence or argument in support of such adjustments, enhancements or departures.

8.    No Criminal History Stipulations.  Both the defendant and the government agree there are no agreements, express or implied, concerning the calculation of the defendant's criminal history, criminal history score, or the determination of whether he is a career offender under U.S.S.G. §4B1.1.

10.    Full Disclosure.  Defendant understands the government will fully inform the court and the U.S. Probation Office of all known information concerning the defendant and the offense for purpose of sentencing.

11.    No Crimes Pending Sentencing.  Defendant agrees not to commit any violations of

federal or state law prior to sentencing.

_____12.     Effect of Breach.  Should the defendant breach this agreement at any time, the USAO will be free to charge him with any crimes that are now known to the United States, or any other crimes that may become known to the United States. Should the defendant breach this agreement at any time, it will be null and void and shall impose no obligations on the United States.

_____13.     Waiver of Appeal/Post Conviction Relief.  Defendant waives the right to appeal from any aspect of the conviction and sentence on any grounds unless (1) the sentence imposed exceeds the statutory maximum or (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapter 5K or (3) the court imposes a sentence in excess of the government's recommendation.  Should defendant seek an appeal, despite this waiver of that right, the government may take any position on any issue on appeal.  Defendant also waives the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute.

_____14.     Waiver of Speedy Trial Claim.  Defendant agrees that any time between the originally scheduled trial date and the date on which he enters his guilty plea should be deemed excludable time for purposes of the calculation of time under the Speedy Trial Act. Defendant waives any claim or defense under the Speedy Trial Act as to the time period between the originally scheduled trial date and the date on which he enters his guilty plea.

_____15.     Acknowledgment of Court's Discretion.  Defendant understands that sentencing rests within the sole discretion of the court, who is not bound by the parties' recommendations. Defendant understands that if the court does not impose the sentence that the defendant expected to receive, the defendant will not be allowed to withdraw his guilty plea for this reason.

_____16.     No other promises or coercion.  There are no promises or agreements between the parties, either express or implied, other than those set forth above. Defendant acknowledges that no threats have been made against him by anyone in order to obtain his cooperation and signature to this agreement.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

GREGORY R. NYHUS
Assistant United States Attorney

**I HAVE READ THIS AGREEMENT CAREFULLY AND REVIEWED EVERY PART OF IT WITH MY ATTORNEY. I UNDERSTAND AND VOLUNTARILY AGREE TO ITS TERMS.**

_4-5-06_ _____  _4-5-06_
Robert Matthew Jones                              Date
Defendant


**I REPRESENT THE DEFENDANT AS HIS LEGAL COUNSEL. I HAVE CAREFULLY REVIEWED EVERY PART OF THIS AGREEMENT WITH THE DEFENDANT AND TO MY KNOWLEDGE HIS DECISION TO ENTER INTO THIS AGREEMENT IS AN INFORMED AND VOLUNTARY ONE.**

_4-5-06_ _____  _4-5-06_
Gerald Needham                                    Date
Attorney for Defendant