# UNITED STATES DISTRICT COURT
## District of Oregon

FILED'06 JUN 30 11:35USDC-ORP

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ROBERT MATTHEW JONES | Case Number: CR 06-113-01-MO |
| | _Gerald Needham, Asst. Federal Public Defender_ |
| | Defendant's Attorney |

**THE DEFENDANT:**

__X__   pleaded guilty to a 1-count Information.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 2422(b) | Coercion and Enticement of a Minor | 1/15/05 | 1 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__   Defendant shall pay a special assessment in the amount of $ __100.00__ payable immediately to the Clerk, U.S. District Court.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence: __June 27, 2006__

_/s/ Michael W. Mosman_
Signature of Judicial Officer
Michael W. Mosman, United States District Judge
Name & Title of Judicial Officer

Date: June 30, 2006

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 60 months.*

__X__    The court makes the following recommendations to the Bureau of Prisons:

The court recommends that defendant be designated to the closest institution to the Portland metropolitan area because defendant's family is in the Portland area and placement would facilitate easier access to defendant for his family.

__X__    The defendant shall surrender on __July 5, 2006__ as notified by the United States Marshal and/or Pretrial Services. The defendant is further instructed to report to the U.S. Marshals Service immediately after sentencing for further instructions.

\*        The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 U.S.C. 3585(b) and the policies of the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on: _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3__ years.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

    ___    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the Standard Conditions of Probation and Supervised Release that have been adopted by this court as set forth below. The defendant shall also comply with any additional Special Conditions of Supervision set forth below.

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer, if required by law.

2. The defendant's employment shall be subject to approval by the probation officer.

3. The defendant shall provide the probation officer with any requested financial information needed to verify there have been no payments to entities that provide access to the Internet.

4. The defendant shall provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which the defendant has access.

5. The defendant shall submit to a search of his computer (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn all individuals that have access to defendant's computer that it is subject to search and/or seizure.

6. The defendant shall participate in the U.S. Probation Office's Computer Monitoring Program. Participation in the Program may include installation of software or hardware on the defendant's computer that allows random or regular monitoring of the defendant's computer use; periodic inspection of defendant's computer (including retrieval, copying, and review of its electronic contents) to determine defendant's compliance with the Program; and restriction of the defendant's computer use to those computers, software programs, and electronic services approved by the U.S. Probation Officer.

7. The defendant shall not view, purchase, or possess any child pornography, as defined at 18 USC 2256(8), involving a minor under age 18.

8. The defendant shall have no contact with minors (in person, by telephone, through correspondence, or a third party) unless approved by the probation officer and the Court.

# STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

The Judges of the District of Oregon adopt the following standard conditions of probation and supervised release to apply in every case in which probation and/or supervised release is imposed upon a defendant. The individual judge may impose other conditions deemed advisable in individual cases of probation or supervised release supervision, as consistent with existing or future law.

1. The defendant shall report in person to the probation office for the district to which he or she is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. Revocation of probation or supervised release is mandatory for illegal possession of a controlled substance.

3. The defendant shall not possess a firearm, destructive, or dangerous device.

4. If the defendant illegally uses drugs or abuses alcohol, has a history of drug or alcohol abuse, or drug use or possession is determined to be an element of the defendant's criminal history or instant offense, the defendant shall participate in a substance abuse treatment program as directed by the probation officer which may include urinalysis testing to determine if the defendant has used drugs or alcohol. In addition to urinalysis testing that may be part of a formal drug treatment program, the defendant shall submit up to eight (8) urinalysis tests per month.

5. The defendant shall submit to a search of his/her person, residence, office or vehicle, when conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

6. The defendant shall not leave the judicial district without the permission of the court or probation officer.

7. The defendant shall report to the probation officer as directed by the court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

8. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The defendant may decline to answer inquiries if a truthful response would tend to incriminate him/her. Such a refusal to answer may constitute grounds for revocation.

9. The defendant shall support his/her dependents and meet other family responsibilities to the best of his or her financial ability.

10. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

11. The defendant shall notify the probation officer within 72 hours of any change in residence or employment.

12. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. If at any time, the probation officer has reasonable cause to believe the defendant is using illegal drugs or is abusing alcohol, the defendant shall submit to urinalysis testing, breathalyzer testing, or reasonable examination of the arms, neck, face, and lower legs.

13. The defendant shall not knowingly frequent places where controlled substances are illegally sold, used, distributed, or administered.

14. The defendant shall not knowingly associate with any persons engaged in criminal activity, and shall not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer.

15. The defendant shall permit a probation officer to visit him/her at any reasonable time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.

16. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

17. The defendant shall not enter into any agreement to act as an informant or special agent of a law enforcement agency without the permission of the court.

18. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his or her criminal record or personal history and characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such a notification requirement. This requirement will be exercised only when the probation officer believes a reasonably foreseeable risk exists or a law mandates such notice. Unless the probation officer believes the defendant presents an immediate threat to the safety of an identifiable individual, notice shall be delayed so the probation officer can arrange for a court hearing and the defendant can obtain legal counsel.